The Full Commission has reviewed the record of the proceedings before Deputy Commissioner Glenn. The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration, the Full Commission reverses the Opinion and Award of Deputy Commissioner Glenn and enters the following Opinion and Award:
The Full Commission finds as facts and concludes as matters of law the following, which were agreed upon by the parties at the hearing before Deputy Commissioner Glenn as
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff-employee at all relevant times herein.
3. Defendant-employer was an approved self-insured for workers compensation purposes at all relevant times herein with Crawford and Company acting as its adjusting agent.
4. Plaintiffs average weekly wage at all relevant times herein was $266.00 per week, yielding a compensation rate of $177.34.
5. Plaintiff suffered an injury by accident arising out of her employment with defendant-employer on or about May 18, 1994.
6. The Opinion and Award of the Full Commission dated September 18, 1998, entered in this matter is hereby incorporated herein by reference.
7. The parties agreed plaintiff has received all the disability compensation she was entitled to receive from the date of her accident through January 22, 1995.
8. The issue to be determined from this hearing is as follows:
What additional benefits, if any, is plaintiff entitled to receive as a result of the injuries she sustained to her neck, back and shoulder on or about May 18, 1994, after January 22, 1995?
***********
The Pre-Trial Agreement along with its attachments and any stipulations before Deputy Commissioner Glenn that have been submitted by the parties are hereby incorporated by reference as though fully set out herein.
***********
 RULING ON EVIDENTIARY MATTERS
At the close of the hearing before Deputy Commissioner Glenn, plaintiff was allowed 60 days to obtain medical records or take the deposition testimony of Dr. Jeffery Alloway orally or upon written questions. Defendant did not want to incur the costs of taking oral deposition testimony. Plaintiff, by letter, requested certain medical information to which Dr. Alloway responded on March 3, 1999. The letter from Dr. Alloway dated March 3, 1999 is admitted into evidence.
***********
Based upon all of the competent evidence adduced at the hearing before Deputy Commissioner Glenn and from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiffs falls at work on May 18, 1994 and April 4, 1995 constituted injuries by accident arising out of and in the course of her employment. Although plaintiffs April 4, 1995 fall was due to dizziness, this dizziness was caused in part by her work on the "leg line.
2. Plaintiff presented no evidence, nor is there any evidence in the record that plaintiff retains any permanent partial disability to her back, neck or shoulder as a result of her compensable fall on May 18, 1994. Dr. Jeffrey Alloway who specializes in rheumatology does not do disability ratings and plaintiff did not present any impairment rating from any other doctor.
3. The parties stipulated that plaintiff has been paid all compensation owed through January 22, 1995. Plaintiff has suffered no periods of disability after February 2, 1995, as a result of injuries to her back, neck or shoulder. Dr. Hansen found plaintiff able to return to work on February 2, 1995, approximately two weeks following her treatment at Maryview Hospital Headache Management Unit. He restricted plaintiff to modified duties where she would not be working around machinery and not using scissors or knives. He believed she could do grading, sorting and packing jobs. These were jobs available to plaintiff at defendant-employers plant. He also recommended physical therapy daily upon her return to work.
4. Plaintiff was capable of returning to work and earning her pre-injury wages during the period she was out of work from February 2, 1995 to March 1995.
5. Plaintiffs April 4, 1995 injury caused the need for additional medical treatment, but did not cause any incapacity to work beyond the few hours missed on the day of the fall.
6. Dr. Hansen diagnosed plaintiff as suffering from low back pain as early as October 6, 1994. By March 23, 1995, he referred to plaintiffs condition as myofascial pain syndrome and later, "chronic pain syndrome.
7. Plaintiff is being treated for depression through the area mental health program in Windsor.
8. Plaintiff testified that she was treated by Dr. Daniel Lee through some time in 1998. The last medical record for treatment by Dr. Lee in the record is dated March 29, 1996 and plaintiff was treated at that time for migraine headaches and sleep disorder which are not related to her compensable injuries.
9. Dr. Alloway who evaluated plaintiff in November, 1998 and January, 1999 is of the opinion that plaintiff suffers from chronic musculoskeletal lower back pain and a secondary depression and that plaintiffs chronic pain cycle could have been in part the result of her injuries suffered at work in 1994 and 1995. He also noted that plaintiff had impaired forward flexion, marked tenderness in the lumbar and lower thoracic spine and increased pain when twisting and bending.
10. Based on the greater weight of the evidence, plaintiffs low back pain has not prevented her from working after February 2, 1995. No weight is given to Dr. Alloways opinion relating plaintiffs depression to her falls at work.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiffs fall on April 4, 1995 constituted an injury by accident arising out of and in the course of employment. This fall caused the need for medical treatment but there was no resulting disability. N.C. Gen. Stat. 97-2(6).
2. Plaintiff sustained no permanent partial disability as a result of any injuries to her back, neck and shoulder arising from her compensable fall at work on May 18, 1994 or April 4, 1995 and thus is not entitled to any permanent partial disability benefits as a result of these injuries. N.C. Gen. Stat. 97-31.
3. Plaintiff is entitled to additional compensation for temporary total disability from January 23, 1995 through February 2, 1995. N.C. Gen. Stat. 97-29.
4. Plaintiff is entitled to reasonably required medical treatment for her compensable injury. N.C. Gen. Stat. 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiffs claim for permanent partial disability benefits under the North Carolina Workers Compensation Act is hereby DENIED.
2. Defendant shall pay plaintiff temporary total disability benefits at the rate of $177. 34 per week from January 23 through February 2, 1995.
3. Plaintiffs attorney shall be paid an attorneys fee of 25% of benefits due plaintiff.
4. Defendant shall pay all reasonably required medical expenses relating to plaintiffs falls including previously provided treatment by Dr. Alloway.
5. Defendant shall pay the costs due this Commission.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ RENE´E C. RIGGSBEE COMMISSIONER
BSB:md